IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| DOMINICK L. FELDER. <br><br> Petitioner, <br><br> vs. <br><br> JOSE SAN AGUSTIN, Director Department of Corrections Guam, <br><br> Respondent. | CIVIL CASE NO. 14-00014 <br><br> **ORDER** <br> Dismissing Petition for Writ <br> of Habeas Corpus |

Petitioner, Dominick L. Felder, an inmate of the Territory of Guam by virtue of his judgment of conviction entered by the Superior Court of Guam, filed a Petition for Writ of Habeas Corpus (the "Petition") pursuant to 28 U.S.C. § 2254. Petitioner is serving a 20-year sentence at the Guam Department of Corrections for his conviction for Second Degree Criminal Sexual Conduct. The Petition asserts said conviction should be reversed on various grounds, including due process and equal protection violations as well as ineffective assistance of counsel. After careful review of the Petition, the court hereby dismisses the Petition for the reasons set forth below.

## BACKGROUND

The Petitioner was indicted for first degree criminal sexual conduct ("CSC"). Before the jury was instructed, the trial court went over the jury instructions with the parties. *People of Guam v. Felder*, 2012 Guam 8 at ¶5. The trial court inquired from the Petitioner's trial counsel what his position was on the inclusion of an instruction for second degree CSC as a lesser included offense of first degree CSC. *Id.* In response to said inquiry, defense counsel stated, "The Supreme Court

[of Guam] has said in four or five cases [that] it is a lesser included offense."[1] *Id.* The trial court thereafter included in its instructions to the jury that second degree CSC was a lesser included offense of the first degree CSC charged in the indictment.[2] *Id.* The jury eventually acquitted Petitioner of the first degree CSC offense but convicted him on second degree CSC. *Id.* at ¶6. The Petitioner was thereafter sentenced to 20 years incarceration. *Id.*

The Petitioner then appealed to the Supreme Court of Guam, raising two issues on appeal. *Id.* Pertinent to the discussion herein was Petitioner's claim that the trial court's giving of the lesser included offense instruction on second degree CSC amounted to reversible error. *Id.* at ¶10. The Supreme Court of Guam declined to apply the reversible error standard of review as urged by the Petitioner. *Id.* at ¶18. Instead, the Supreme Court of Guam reviewed the "unobjected-to lesser included offense instruction for plain error."[3] *Id.*

Applying said standard, the Supreme Court of Guam found "[b]ecause second degree CSC is not a lesser included offense of first decree CSC it is error to instruct the jury on second degree CSC if such charge is not included in the indictment." *Id.* at ¶20. Additionally, the court found the second prong of the plain error test to have been satisfied, since the error was clear or obvious under

---

[1] The Supreme Court of Guam characterized defense counsel's response to the court's inquiry as Petitioner "not object[ing] to the giving of an instruction on second degree CSC as a lesser included offense of first degree CSC." *Id.* The Petitioner objects to such characterization, and asserts in Ground Two of his Petition that the Supreme Court of Guam erred in claiming that he acquiesced to the lesser included charge. Petition at 8, ECF No. 1. The Petitioner maintains that he "did not acquiesce to this charge nor did [he] request at any time to include this charge for [his] benefit as it [did] not benefit [him] to be indicted with multiple crimes [he] did not commit nor was [he] indicted for." *Id.*

[2] "At the time of trial, it was settled that second degree CSC was a lesser included offense of first degree CSC; by the time of appellate consideration, the law changed[.]" *Id.* at ¶21. In two opinions filed in December 2010, the Supreme Court of Guam ruled that second degree CSC is not a lesser included offense of first degree CSC. *See People of Guam v. Cummins*, 2010 Guam 19, and *People of Guam v. Songeni*, 2010 Guam 20.

[3] Under the plain error standard of review, the Supreme Court of Guam stated it would "not reverse unless (1) there was error; (2) the error is clear or obvious under current law; (3) the error affected substantial rights; and (4) reversal is necessary to prevent a miscarriage or justice or to maintain the integrity of the judicial process." *Id.* at ¶19.

current law. *Id.* at ¶21. The Supreme Court of Guam found that the Petitioner failed to demonstrate the error violated his substantial rights[4] and further stated that even if his "substantial rights were affected, reversal is not necessary to prevent a miscarriage of justice or to maintain the integrity of the judicial system. *Id.* at ¶34. Accordingly, the Supreme Court of Guam affirmed the judgment of the trial court.

The Petitioner thereafter filed the instant Petition.

## DISCUSSION

A petitioner who is in state custody and wishes the district court to grant a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the first opportunity to consider the claim and correct the state's alleged constitutional error. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) ("Comity thus dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief.") and *Peterson v. Lampert*, 319 F.3d 1153, 1155-56 (9th Cir. 2003) ("A federal court may not grant habeas relief to a state prisoner unless he has properly exhausted his remedies in state court. . . . A petitioner must exhaust his state remedies by reaching the point where he has no state remedies available to him at the time he files his federal habeas petition."). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. *Picard v. Connor*, 404 U.S. 270 (1971); *John v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996).

In the instant case, the Petitioner raises the following five arguments to support his claim that he is being held in violation of the Constitution or laws of the United States: (1) ineffective assistance of counsel; (2) error by the Supreme Court of Guam in finding that the Petitioner

---

[4] In support of its finding that there was no violation of the Petitioner's substantial rights, the Supreme Court of Guam stated that "the Fifth Amendment right to a grand jury indictment . . . has not been extended to Guam[.]" *Id.* at ¶24. Instead, "Guam provides a statutory, not a constitutional right to a grand jury indictment." *Id.*

acquiesced to the giving of the lesser included charge; (3) "defective indictment violation of due process;" (4) trial court abused its authority by amending the indictment to include the lesser included charge; and (5) violation of the due process clause of the Fourteenth Amendment. The court finds that the instant Petition contains both exhausted and unexhausted claims. The Petitioner has exhausted his state judicial remedies as to grounds three and four, but not as to the remaining grounds asserted in the Petition.[5]

A federal court presented with a mixed habeas corpus petition must dismiss the entire petition without prejudice. *Rose v. Lundy*, 455 U.S. 509 (1982) holding that a federal court must dismiss a state prison's habeas corpus petition that contains both exhausted and unexhausted claims).[6]

---

[5] On its face, the Petition acknowledges that the Petitioner did not exhaust his state remedies on any of the grounds he raises. The Petitioner states that his defense counsel told him he had no other appeals left. *See* Petition at 5, ECF No. 1. He further states "having no other legal representation, no access to legal research material, and being denied upon request to the District Court of Guam legal representation to assist me with this matter, I currently have no other feasible remedy available to me but this writ." *Id.*

[6] The Supreme Court discussed the exhaustion doctrine as follows:

> The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings. Under our federal system, the federal and state "courts [are] equally bound to guard and protect rights secured by the Constitution." Because "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation," federal courts apply the doctrine of comity, which "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers, and already cognizant of the litigation, have had an opportunity to pass upon the matter."
>
> A rigorously enforced total exhaustion rule will encourage state prisoners to seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error. As the number of prisoners who exhaust all of their federal claims increases, state courts may become increasingly familiar with and hospitable toward federal constitutional issues. Equally as important, federal claims that have been fully exhausted in state courts will more often be accompanied by a complete factual record to aid the federal courts in their review.

*Rose*, 455 U.S. 518-19 (internal citations omitted).

The Petitioner believes he has no other recourse but to file the instant Petition in this court. This is not accurate because the Petitioner may file a writ of habeas corpus before the Superior Court of Guam pursuant to Title 8, Chapter 135 of the Guam Code Annotated. The Petitioner has not filed such a petition with the local courts and he has presented no exceptional circumstances which excuse his circumvention of the remedy afforded to him under the local court system. The Petitioner may return to federal court, if necessary, after the conclusion of his post-conviction proceedings with regard to the unexhausted claims in the Guam courts.

## CONCLUSION

Because the Petitioner failed to exhaust his local post-conviction remedies as to all claims in his Petition, the court must dismiss the Petition.



**/s/ Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated: Aug 03, 2015**